## Dickson et al., Appellants, *v.* Drexel et al.

*Appeals—Premature appeal—Parties—Quashing appeal.*

Where a bill in equity is filed by lot holders to enforce an alleged trust for a free sewerage system against the representatives of the grantors in the deeds creating such system, with joinder of two parties claiming title to the sewerage system from such grantors or their representatives, and the principal defendants file answers, and the others file demurrers, a decree sustaining the demurrers, and dismissing the bill as to the demurrants, but without action as to the answers, is not ground for an appeal, inasmuch as the case is not ripe for appeal until final action is taken as to the principal defendants.

Argued February 12, 1924. Appeal, No. 279, Jan. T., 1924, by plaintiffs, from decree of C. P. Delaware Co., Dec. T., 1922, No. 907, dismissing bill in equity in case of Robert Dickson et al. v. John R. Drexel et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Appeal quashed.

Bill in equity to enforce trust. Before BROOMALL, J. The opinion of the Supreme Court states the facts.

Demurrers sustained and bill dismissed as to demurrants. Demurrants appealed.

*Errors assigned* were (1, 2) decrees, quoting them.

*De Forrest Ballou,* for appellants.

*J. B. Hannum, Jr.,* for appellees.

PER CURIAM, March 10, 1924:

For the purpose of disposing of this appeal, we shall accept as correct the facts as stated in appellant's history of the case, as follows: Drexel and Childs, about 1888, laid out into building lots a tract of about 500 acres, and established the town of Wayne; they advertised a sew-

erage system, erected and maintained by them, as an inducement to purchasers, and in their deeds to the latter covenanted that they should have the free use thereof. Drexel and Childs both died. In 1902, the trustees for the estate of Anthony J. Drexel, and the widow of George W. Childs, to whom the property in question had passed under the Drexel and Childs wills, respectively, sold and conveyed to George M. Bunting the sewerage plant here in question, without the knowledge or consent of the owners of lots having the free right to use it; and, in 1903, Bunting sold and conveyed the plant to the Wayne Sewerage Co.; this concern proceeded to enforce payment for sewerage service against all lot owners, who, appellants contend, are helpless to resist its suits at law, "because of an order of the Public Service Commission fixing sewerage claims at Wayne." Under these circumstances, the bill in the present case was filed by certain lot owners, seeking to impress upon those who now represent the Drexel and Childs estates, respectively, a trust whereby they, as such trustees, shall carry out their several decedents' covenants to plaintiffs for free sewerage. The representatives of the Drexel Estate and of the Childs Estate filed answers; Bunting and the Wayne Sewerage Co. filed separate demurrers. The court below sustained the demurrers and dismissed the bill as to the two demurrants; from these orders plaintiffs appeal.

Since no order whatever has been made against those representing the interests of Drexel and Childs, who are the principal defendants, the case is not ripe for appeal.

The appeal is quashed, at cost of plaintiffs.